## ELSIE M. LITTLE *vs.* CITY OF HOLYOKE.

Hampden.    September 25, 1900. — October 19, 1900.

Present: HOLMES, C. J., KNOWLTON, MORTON, LATHROP, & HAMMOND, JJ.

*Personal Injuries — Due Care — Negligence of Municipal Corporation engaged in Private Enterprise for Profit — Evidence — Winding Stairs not properly lighted — Admission.*

In this case, which was an action for personal injuries occasioned to the plaintiff by falling down a flight of stairs in a hall of the defendant city, the questions of the due care of the plaintiff and of the negligence of the defendant were for the jury.

If, in an action for personal injuries occasioned to the plaintiff by falling down a flight of stairs in a hall of the defendant city, the evidence would warrant a finding that the defendant occasionally let the large hall in the second story of the City Hall building for public gatherings and received pay therefor; that on the evening in question the hall was let for the purpose of an entertainment to be given by the lessee; that it was understood as a part of the bargain that the defendant should light and keep properly lighted the entry and stairs leading to the hall and to the gallery of the same, the gallery being a part of the hall, and that the city furnished light and a janitor to take care of the hall; that the stairs leading to the gallery were not kept properly lighted, but that one at least of the lights was negligently allowed to go out, so that the winding part of the stairs was in comparative darkness; that the descent of the stairs under these circumstances was attended with danger; that the plaintiff, who had been in the gallery at the entertainment, in attempting to descend the stairs fell thereon and was injured; that he was at the time in the exercise of due care, and that the accident was due to the negligent failure of the defendant to keep the stairs properly lighted, then the case is one where a municipal corporation

has engaged in a private enterprise for profit and has been negligent in the performance of a duty imposed upon it in the pursuit of that business, and the plaintiff may recover; and evidence offered to show that the amount of rents was insufficient to pay the expense of maintaining the hall is properly excluded.

In an action for personal injuries occasioned to the plaintiff by falling down a flight of stairs in a hall of the defendant city, the exclusion of evidence offered by the defendant to show that the stairs were well built, that winding stairs were a common and usual construction, that such stairs were suited to the peculiar construction of the building in that place, and that the stairs in question were safe and suitable, does the defendant no harm, the question not being whether winding stairs are improper, but whether at the time of the accident these stairs, in view of their construction, were properly lighted.

In an action for personal injuries occasioned to the plaintiff by falling down a flight of stairs in a hall of the defendant city, it being conceded by the defendant that the hall was let by it for pay, no question as to the authority of the city clerk or any other city official inconsistent with that admission can be raised.

TORT, for personal injuries. At the trial in the Superior Court, before *Maynard*, J., the jury returned a verdict for the plaintiff; and the defendant alleged exceptions, which appear in the opinion.

*N. P. Avery*, for the defendant.

*A. L. Green*, (*F. F. Bennett* with him,) for the plaintiff.

HAMMOND, J.    This is an action of tort for injuries suffered by the plaintiff in descending a flight of stairs. At the trial the defendant presented ten requests for instructions. In the argument before us it insists only upon the following, namely: 1. On all the evidence and the pleadings the plaintiff cannot recover, and the jury must find for the defendant. 2. There is no sufficient evidence that the plaintiff was in the exercise of due care, and the plaintiff cannot recover. 3. There is no sufficient evidence that the defendant was negligent, and the plaintiff cannot recover.

It was agreed at the trial that the defendant let this hall to the Woman's Relief Corps for the day and night in question, for hire, and furnished the lights; that the gallery was a part of the hall, and that the city furnished light and a janitor to take care of the hall.

Without reciting the evidence in detail it is sufficient to say we have examined it, and think that, in addition to the facts agreed upon as above stated, it would warrant a finding that the defendant occasionally let the large hall in the second story of the City Hall building for public gatherings and received pay

therefor; that on the evening in question the hall was let for the purpose of an entertainment to be given by the lessee; that it was understood as a part of the bargain that the defendant should light and keep properly lighted the entry and stairs leading to the hall and to the gallery of the same; that the stairs leading to the gallery were not kept properly lighted, but that one at least of the lights was negligently allowed to go out, so that the winding part of the stairs was in comparative darkness; that the descent of the stairs under these circumstances was attended with danger; that the plaintiff, who had been in the gallery at the entertainment, in attempting to descend the stairs fell thereon and was injured; that she was at the time in the exercise of due care, and that the accident was due to the negligent failure of the defendant to keep the stairs properly lighted. It is true that the evidence was conflicting on many of these points, and perhaps a finding the other way might have been reasonably expected; but if the jury made the findings in accordance with the foregoing statement of what the evidence warranted, then the case is one where a municipal corporation has engaged in a private enterprise for profit and has been negligent in the performance of a duty imposed upon it in the pursuit of that business, and the case is well within the principles laid down in *Oliver* v. *Worcester*, 102 Mass. 489, *Collins* v. *Greenfield*, 172 Mass. 78, 81, and *Marwedel* v. *Cook*, 154 Mass. 235, and the plaintiff may recover.

The exclusion of the evidence offered by the defendant to show that the stairs were well built, that winding stairs were a common and usual construction, that such stairs were suited to the peculiar construction of the building in that place, and that the stairs in question were safe and suitable, did not harm the defendant. The plaintiff did not claim that these stairs were improperly made for winding stairs, if winding stairs were to be in that place, but did claim that if such stairs were placed there they should be properly lighted. It was not a question whether winding stairs were improper, but whether at the time of the accident these stairs, in view of their construction, were properly lighted.

As stated by the judge in his charge to the jury, the contention of the plaintiff was that "this stairway was of such a con-

struction and such a nature . . . that it was dangerous unless there was sufficient light to enable her to see and understand and appreciate what the danger was."

The evidence offered to show that the amount of rents was insufficient to pay the expense of maintaining the hall was properly excluded. It was of no consequence whether the business was profitable. *Collins* v. *Greenfield, ubi supra.*

It being conceded by the defendant that the hall was let by the defendant, no question as to the authority of the city clerk or any other city official inconsistent with that admission can be raised.                                         *Exceptions overruled.*