ALBERT K. GRIESSEL, an Infant, by ALBERT GRIESSEL, His Guardian ad Litem, Respondent, *v.* PAUL ADELER, Appellant.

Third Department, July 1, 1918.

**Motor vehicles — negligence — action for personal injuries resulting from collision between two automobiles — erroneous admission of evidence that defendant was insured.**

In an action for injuries resulting from a collision between two automobiles, it appeared that the plaintiff's father and guardian *ad litem* while driving up a hill turned to the left to pass a carriage which was on the right-hand side of the road, and collided with defendant's car as it came over the crest of the hill; that the cars were in plain sight of each other for about one hundred feet, and that, over the defendant's objection, the matter of insurance was discussed and the court left standing in the record the fact that the defendant was insured, and the plaintiff was not insured.

*Held,* that this reference to the insurance was prejudicial to the defendant, and under the circumstances, it not being clear that the plaintiff should recover, a judgment in his favor should be reversed and a new trial granted.

APPEAL by the defendant, Paul Adeler, from a judgment of the Supreme Court in favor of the plaintiff, entered in the office of the clerk of the county of Albany on the 13th day of March, 1918, upon the verdict of a jury for $500, and also from an order entered in said clerk's office on the 19th day of March, 1918, denying defendant's motion for a new trial made upon the minutes.

*Visscher, Whalen & Austin* [*J. Harris Loucks* of counsel], for the appellant.

*Harry Cook* [*Timothy E. Roland* of counsel], for the respondent.

JOHN M. KELLOGG, P. J.:

The father of the infant plaintiff, the guardian *ad litem*, was driving an automobile up a hill. He overtook a carriage which was on the right-hand side of the road. He turned to the left, and was passing the carriage, and in doing so drove upon the left-hand side of the road. The defendant's car was descending the hill in the opposite direction and, as it came

over the crest of the hill, the cars were in plain sight of each other for about 100 feet. A collision occurred, on the defendant's side of the road, in which the plaintiff, riding with his father, was injured.

It is evident that the plaintiff's father was negligent, and that his negligence caused or directly contributed to the injury. It was a fair question for the jury whether or not the defendant was negligent. His evidence tended to show that his car had stopped and that the other car ran into it. He was at the extreme right of the macadam of the road, but probably he could have turned outside of the macadam and prevented the collision.

Knittle, one of the defendant's witnesses, in relating the conversation which took place between the father and defendant immediately after the collision, stated that the father said that he was insured. The plaintiff objected to the evidence and the defendant consented that it be stricken out. Later the father was recalled and contradicted another statement which Knittle attributed to him. His counsel then asked: " Q. What else did you say? A. That is about all. Well, I said ' there is no use getting excited, the accident is done,' and that is all there was said. Q. Did you make any statement other than that? A. No, sir, not as I remember. By the Court: Q. Did you tell him you were insured? A. Why, that was afterward. I think it was mentioned. He said he was insured and I said I was insured, but I also have a delivery car and I was under the impression at that time it was insured. Q. It turned out your insurance was on the delivery car? A. Yes. Q. The insurance was on the other car, is that right? Mr. Loucks [defendant's attorney]: I object to that. The Court: I think that is incompetent. I sustain your objection and instruct the jury to disregard it. Mr. Loucks: At this time I think also your Honor should comment in regard to the examination of this jury by Mr. Roland. He started this matter in the examination of the jury, and I have carefully refrained from saying anything about it. I never talked with Knittle about the case and didn't know anything about the statement he made, and I immediately suggested myself that it be stricken out. The Court: I instruct the jury to

disregard it. I was probably to blame myself for it. Mr. Roland: He said he told him he was insured. Mr. Loucks: I object to any further statement of any kind about the insurance. The Court: He said he told him he was insured. That may stand. Mr. Griessel said that then. Mr. Roland: And also what the defendant said. The Court: Yes, what he says about it may stand, but what occurred afterward is incompetent, and I instruct the jury to disregard it."

The question put by the court called out this discussion of the insurance. The fact remains that over the defendant's objection the matter of insurance was discussed and the court left standing in the record the fact that the defendant was insured and the plaintiff was not insured. This was prejudicial to the defendant and, under the circumstances of the case, it not being clear that the plaintiff should recover, justice requires a reversal and that a new trial be granted, with costs to the appellant to abide the event.

All concurred.

Judgment and order reversed and new trial granted, with costs to appellant to abide event.