Argued March 13, affirmed April 17, rehearing denied May 15, 1923.

# JONES v. SINSHEIMER.

## (214 Pac. 375.)

**Trial—Evidence That Defendant is Insured Against Casualty not Admissible.**

1. In an action for personal injuries, testimony on the part of plaintiff that the defendant is insured against damages by reason of accident caused by his negligence was not admissible.

**Trial—Misconduct by Examining as to Insurance Carried by Defendant Penalized by Discharging Jury.**

2. In the trial of a personal injury action, where questions are improperly asked to develop the fact that defendant is insured against liability for negligence, the court should penalize the plaintiff by discharging the jury.

**Trial—Volunteered Statements of Witness not Reversible Error Where Withdrawn from Jury.**

3. In an action for injuries to a pedestrian struck at a street crossing by defendant's automobile, where it was developed on cross-examination of plaintiff's witnesses that the defendant carried insurance, but the testimony was volunteered by the witnesses, and nothing in the record indicated that plaintiff sought to elicit such testimony, no reversible error appeared.

**Negligence—Question of Fact.**

4. Negligence is ordinarily a question of fact for the jury.

**Municipal Corporations—Trial—Rights of Pedestrians and Automobilists Reciprocal—Negligence of Automobile Driver Jury Question—Error in Denying Nonsuit Cured by Defendant's Evidence.**

5. The rights of pedestrians and automobile drivers are reciprocal, and where the evidence showed that the pedestrian was struck at a street intersection under circumstances disclosing that automobile driver had headlights and yet did not see plaintiff until within four feet of the place of collision, the question of defendant's negligence was one for the jury, and, though much of the testimony disclosing the circumstances of the collision was introduced by defendant after his motion for nonsuit was denied, any error in denying the nonsuit was thereby cured.

**Evidence—Skiagraphs Properly Admitted.**

6. Where a physician testified that skiagraphs of plaintiff's broken bones were pictures of the injured anatomy of plaintiff, an objection to the admission in evidence of such pictures, on the ground that they were not properly identified, was not well taken.

Reciprocal duty of operator of automobile and pedestrian to use care, see notes in 38 L. R. A. (N. S.) 487; 42 L. R. A. (N. S.) 1178; 51 L. R. A. (N. S.) 990; 4 Ann. Cas. 398.

From Multnomah: GUSTAV ANDERSON, Judge.

Department 2.

For appellant there was a brief and oral argument by *Mr. Bradley A. Ewers.*

For respondent there was a brief over the names of *Mr. John W. Kaste* and *Mr. George W. Gearhart,* with an oral argument by *Mr. Kaste.*

AFFIRMED.  REHEARING DENIED.

BURNETT, J.—The substance of the complaint in this action is that while the plaintiff was crossing the intersection of West Park and Oak Streets in the City of Portland, the defendant, without any warning, drove his automobile against the plaintiff, throwing him down upon the pavement and inflicting severe personal injuries upon him to his damage, in an amount stated. After denying the infliction of the injuries and the negligence attributed to him, the defendant avers in substance that he was lawfully driving westward on Oak Street when he suddenly discovered the plaintiff crossing the street diagonally toward the southeast at a point about the middle thereof and that, as the defendant turned to pass to the right of the plaintiff, between him and the curb, the latter unexpectedly retraced his steps and ran directly in front of the car so quickly that the defendant was unable to stop. He further avers that the resulting collision was therefore unavoidable on the part of the defendant and was due to the plaintiff's own negligence. The new matter in the answer was traversed by the reply. A jury trial resulted in a judgment for the plaintiff and the defendant appeals.

The principal assignment of errors relates to the volunteer testimony of two witnesses for the plaintiff, indicating that the defendant carried accident insurance on his automobile. Their statements were made on cross-examination by the defendant's attorney. The question asked and the answer returned by one of the witnesses is as follows:

"Q. Suppose a person was injured and did not have the money to pay for it, wouldn't Dr. Ziegler set the bones?

"A. I might qualify that and simply say this: That Mr. Sinsheimer was there. I says, 'Sinchy'—I have known Mr. Sinsheimer a long time—'Have you got any insurance on this proposition?' He says, 'Sure.'"

The other witness was being interrogated about who was present at the hospital at a certain time while the plaintiff was there as a patient and the question propounded to the witness and his answer are as follows:

"Q. Was anyone else there at the time?

"A. Internes, I believe; only, Marcellus came up afterward, I think he is the Insurance Company's Doctor sent up by you."

In both instances, the counsel for the defendant immediately moved the court to withdraw the answer from the jury and to instruct the jurors not to regard same. This motion was not resisted by the plaintiff, and the court allowed it, giving the desired instruction to the jury. Thereupon, at the time in each instance, in addition to the motion already mentioned, the defendant by his counsel moved the court to discharge the jury and award a new trial. This motion was denied.

1. It is well settled that the fact that a defendant is insured against damages by reason of accident caused by his negligence or otherwise is not admissible as testimony for his antagonist. Whether the plaintiff shall recover damages or not depends upon whether the defendant was negligent in the particular instance and not upon the fact that he has insured himself against such accidents. The insurance is collateral matter. To litigate that subject in an action brought directly against the defendant for damages, would be an attempt to affect the liability of the insurer without giving it its "day in court" and would unjustly prejudice the jury against the defendant, not only on account of his own actions, but also on account of popular antipathy against insurance concerns. To this effect and thus far, the precedents cited by the defendant are applicable. In many instances judgments have been reversed where such testimony and the fact of insurance was brought to the attention of the jury by the prevailing party. The rule in such cases is thus stated by Mr. Justice McBride in *Tuohy* v. *Columbia Steel Co.*, 61 Or. 527 (122 Pac. 36):

"Where such questions are improperly asked, with the intent to get before the jury a fact not material to the case, the court should penalize the party guilty of such misconduct by discharging the jury."

2. So here, applying that rule, if the plaintiff had attempted to get before the jury the fact that the defendant was insured, either by offering testimony to that effect or by his questions of the jurors on the *voir dire* or the like, the court would have been justified in punishing him by discharging the jury. In the main, the decisions cited by the defendant in the instant case are of this sort. For instance, in

*Griessel* v. *Adeler,* 183 App. Div. 816 (171 N. Y. Supp. 183), the testimony was elicited by questions asked by the defendant himself, by the plaintiff and by the trial judge. The opinion says that,

"The question put by the court called out the discussion of the insurance. The fact remains that over the defendant's objection the matter of insurance was discussed, and the court left standing in the record the fact that the defendant was insured and the plaintiff was not insured." .

The result was a reversal of the appeal. The precedent is not controlling here, for, while there the testimony was left in the record, in the instant case, it was stricken out without opposition. In *Tincknell* v. *Ketchman,* 78 Misc. Rep. 419 (139 N. Y. Supp. 620), the objectionable testimony was brought out by the leading question of the plaintiff's counsel. Substantially the same is true in *Scranton Gas and Water Co.* v. *Weston,* 63 Pa. Super. Ct. 570; *Hollis* v. *United States Glass Co.,* 220 Pa. 49 (69 Atl. 55); *Carter* v. *Walker* (Tex. Civ. App.), 165 S. W. 483. *Schmidt* v. *Schalm,* 2 Ohio App. 268, was an instance where the plaintiff's counsel intimated insurance in his examination of jurors.

3. In the present juncture, there is a total absence of any indication that the plaintiff sought to inject the objectionable matter into the case. It was during cross-examination of the plaintiff's witnesses that it was disclosed. True enough, the answers were not responsive to the question asked; and the witnesses volunteered the information. Of course, if it could be shown by the record that the plaintiff had connived and confederated with the witnesses to volunteer such a statement, he ought to be penalized according to the precept laid down in *Tuohy* v.

*Columbia Steel Co., supra.* The case presented then, on this point, is only where some objectionable statement has been advanced by a witness. The court promptly struck out the testimony and directed the jury not to consider it. It was then out of the case and we cannot presume from anything apparent on the record that the jury disregarded the instruction of the court.

Unlooked-for disclosures are often made by witnesses and in the absence of some peculiar countervailing circumstance, the action of the court, detailed in this instance, ought to be a sufficient remedy for the evil complained of. It would be intolerable for a party who is without blame in the matter to suffer by the blunder of opposing counsel or the overzealous utterances of a witness. The statements of the witnesses on this point were clearly irrelevant and immaterial to the issue joined; but the remedy applied by the court in directing the jury to disregard it and withdrawing it from the case, was apropos and served all just purposes.

There are many instances where a fact of that kind might legitimately be developed in cross-examination. For instance, in *Lenahan* v. *Pittston Coal Mining Co.*, 221 Pa. St. 626 (70 Atl. 884), was a case where one of the defendant's attorneys offered himself as a witness to impeach one of the plaintiff's witnesses. On cross-examination, in order to affect his credibility by showing his interest in the result of the trial, he was compelled to admit that at the time he was an attorney for an insurance company that had insured the defendant against the accident involved in the case on trial. In that instance, the court strongly condemned the practice of bringing such a fact into the case but qualified the precept

thus stated by the doctrine that the right of cross-examination is not to be restricted where the object is really to show the interest and bias of a witness, although it also incidentally discloses insurance. Similar cases are *Gianini* v. *Cerini*, 100 Wash. 687 (171 Pac. 1007); *Moy Quon* v. *Furuya*, 81 Wash. 526 (143 Pac. 99).

4, 5. It is also urged that the court should have granted a nonsuit on motion of the defendant at the close of the plaintiff's case and likewise have sustained the defendant's motion for a directed verdict in his favor. The defendant argues that there was no evidence that he was negligent in the operation of his car. Negligence is ordinarily a question of fact for the jury: *Palmer* v. *Portland Ry. L. & P. Co.*, 56 Or. 262 (108 Pac. 211). This accident happened upon a public street in the City of Portland. Each party had a right to use that street as a passageway. Their rights are reciprocal. The normal exercise of those rights would result in no injury to either party. The injury is thoroughly established and it is admitted that the defendant's automobile was a factor in the affair. This is an occurrence contrary to the usual normal traffic on the streets where both footmen and vehicles are entitled to travel, and involves a fault of some kind in some person participating in the occurrence. There was testimony to the effect that there was an unobstructed view of the street in front of the defendant's automobile, that he had lights on the front of the car and that he did not see the plaintiff until he was about four feet from him. The jury was authorized to believe that in the exercise of ordinary care he could have seen him sooner and so have avoided the collision. Although much of this testimony came from the defendant, it was

107 Or.—32

enough to take the case to the jury on the question of negligence, and cured any possible error in denying the nonsuit. The court was right in refusing to direct a verdict for the defendant.

6. It is urged likewise, that the court erred in admitting some skiagraphs of the plaintiff's broken bones on the ground that they were not properly identified. The physician under examination at the time they were introduced declared that they were pictures of the injured anatomy of the plaintiff. This was sufficient to overrule the objection which, indeed, goes only to the weight of the testimony. The conclusion is that the judgment must be affirmed.

AFFIRMED. REHEARING DENIED.

BEAN, J., HARRIS and RAND, JJ., concur.