· Argued March 1, affirmed March 27, 1928.

# FLORENCE G. BENNETT *v.* CITY OF PORT-LAND.

(265 Pac. 433.)

**Municipal Corporations—Auditorium Rented by City for Public Entertainment Held Owned in Its Corporate, not Governmental, Capacity.**

1. Auditorium rented by city for purpose of giving public entertainment was not used by city in its governmental capacity, but is owned and operated in its corporate or proprietary capacity.

**Municipal Corporations—City Operating Auditorium in Its Corporate Capacity is Liable to Same Extent as Private Owner.**

2. City in management and operation of auditorium in its corporate or proprietary capacity and not governmental capacity is liable to same extent and under same circumstances that a private owner would be.

**Municipal Corporations—One Entering Auditorium at Invitation of Person to Whom City Rented It, Held an "Invitee," to Whom City Owed Reasonable Care.**

3. One entering auditorium at invitation of person to whom city had hired it for entertainment purposes was an invitee, to whom city owed duty of exercising reasonable care to prevent her injury while there.

**Municipal Corporations—City Undertaking Through Its Employee to Janitor Auditorium Rented to Another is Liable for Any Neglect in Performing Such Duty.**

4. City undertaking through its own employee to janitor and furnish light for auditorium which it had rented to another is liable for any neglect on its part to perform such duty.

---

1. Distinction between public and private functions of municipal corporations in respect to liability for negligence, see notes in 19 L. R. A. 452; 1 L. R. A. (N. S.) 665. See, also, 19 R. C. L. 1111.

3. Duty of owner toward licensee or invitee, see note in 1 Ann. Cas. 209.

4. Liability of municipality for negligence of its agents, see note in 30 Am. St. Rep. 376, 402. See, also, 19 R. C. L. 1106.

Appeal and Error—Municipal Corporations—Question Whether City
    Exercised Ordinary Care in Operating Auditorium Held One
    of Fact, on Which Jury's Verdict is Conclusive.

5. Question whether city exercised ordinary care to prevent in-
jury to one in auditorium as invitee is one of fact, and jury's
verdict thereon is conclusive.

Trial—Bringing Out Fact of Insurance Incidentally, Under Proper
    Examination, Fairly Conducted, While Seeking Otherwise Com-
    petent Testimony, is not Error.

6. Though it is improper to ask otherwise immaterial or irrele-
vant questions or make improper suggestions in order to inform
jury that defendant is insured against casualty, where fact of
insurance is brought out under proper examination, fairly con-
ducted, for purpose of getting all of pertinent facts before jury,
it is not error.

Appeal and Error—Bringing Out Under Proper Inquiry Fact That
    Defendant was Insured Held not Error, Where Offer to Strike
    Out Testimony and Instruct Jury to Disregard It was Refused.

7. In personal injury action, bringing out fact that defendant
was insured, by proper inquiry of defendant's medical witness as to
who took X-ray pictures of injury, held not error, especially where
defendant made no objection at the time and later refused offers
that testimony be stricken and jury instructed to disregard it.

Appeal and Error—Litigants Should not Sit by and Permit Errors
    to be Incurred for Purpose of Having Ground for Appeal.

8. Litigants should not be encouraged to sit by and permit errors
to be incurred in the trial for the purpose of having ground for
appeal.

Pleading—Amendment to Answer Materially Changing Issues Held
    Properly Denied, Where Offer was not Made Until After Trial
    was Well Advanced.

9. Court held not to have abused its discretion in disallowing
request to amend answer, where tendered amendment would have
materially changed issues, and offer to amend was not made until
after trial was well advanced.

Appeal and Error—Circuit Court's Ruling on Matter of Amending
    Pleadings will not be Interfered With, in Absence of Abuse of
    Discretion.

10. Supreme Court will not interfere with ruling of the Circuit
Court on matter of amending pleadings, except where there has
been abuse of discretion and injustice thereby done.

Appeal and Error, 3 C. J., p. 830, n. 83; 4 C. J., p. 799, n. 34.
Municipal Corporations, 43 C. J., p. 1167, n. 33, p. 1324, n. 51.
Pleading, 31 Cyc., p. 425, n. 28.
Trial, 38 Cyc., p. 1404, n. 49, p. 1479, n. 73.

From Multnomah: JOHN H. STEVENSON, Judge.

Department 1.

This is an appeal from a judgment rendered upon a verdict in favor of plaintiff against the city for personal injuries. She fell down a stairway while passing through an unlighted hall in the City Auditorium of the defendant city. The auditorium had been hired by Professor Barr, principal of the Irvington Public School of said city, for the purpose of giving a public entertainment. This entertainment was to be given by the pupils of said school under his direction. Plaintiff was in attendance at a rehearsal preparatory to giving said entertainment at the invitation of Professor Barr. The entertainment was given largely by the smaller pupils of the school and plaintiff was the mother of one of the pupils and was attending the rehearsal in order to assist in caring for the children.

The city denies liability and assigns thirty-seven errors. The city's defense, however, is based upon the following: First, that the auditorium was the property of the city and was used by it in its governmental capacity and for that reason the city is not liable in damages; second, the city owed no obligation to protect individuals who may enter the building at the invitation of the permittee or hirer of the auditorium; third, the obligation on the part of the city as owner of the auditorium to furnish lights was satisfied by supplying the electric lamps, leaving nothing to be done but to turn the switch to have the building lighted; fourth, wilful attempts to bring to the attention of the jury the fact that defendant is protected

by liability insurance, and fifth, defendant's request to amend its answer should have been allowed.

AFFIRMED.

For appellant there was a brief over the names of *Mr. Frank S. Grant,* City Attorney, *Mr. H. M. Tomlinson,* Deputy City Attorney, *Messrs. Carey & Kerr, Mr. Omar C. Spencer* and *Mr. Marvin K. Holland,* with oral arguments by *Mr. Grant* and *Mr. Holland.*

For respondent there was a brief and oral argument by *Mr. W. Y. Masters.*

COSHOW, J.—1. The auditorium was not used by the defendant city in its governmental capacity. It was not used generally in the performance of any governmental duty. It is owned and operated by the city in its corporate or proprietary capacity; *Chafor* v. *City of Long Beach,* 174 Cal. 478 (163 Pac. 670, Ann. Cas. 1918D, 106, L. R. A. 1917E, 685); *Klein* v. *Portland,* 106 Or. 686 (213 Pac. 147). *Little* v. *Holyoke,* 177 Mass. 114 (58 N. E. 170, 52 L. R. A. 417), is a parallel case.

2. In the management and operation of the auditorium the city is liable to the same extent and under the same circumstances that a private owner would be: *Klein* v. *Portland,* above; *Stephens* v. *Eugene,* 90 Or. 167 (175 Pac. 855); *Coleman* v. *La Grande,* 73 Or. 521 (155 Pac. 468); *Esberg Cigar Co.* v. *Portland,* 34 Or. 282 (55 Pac. 961, 75 Am. St. Rep. 651, 43 L. R. A. 435); *Marwedel* v. *Cook,* 154 Mass. 235 (28 N. E. 140). The last case cited is very similar in its details to the one at bar.

"But when a city or town does not devote such building exclusively to municipal uses, but lets it or a part of it for its own advantage and emolument,

by receiving rents, or otherwise, it is liable while it is so let in the same manner as a private owner would be. *Oliver* v. *Worcester,* 102 Mass. 489 (3 Am. Rep. 485); *Hill* v. *Boston,* 122 Mass. 344 (23 Am. Rep. 332)." *Worden* v. *New Bedford,* 131 Mass. 23 (41 Am. Rep. 185); *Haley* v. *Boston,* 191 Mass. 291 (77 N. E. 888, 5 L. R. A. (N. S.) 1005).

The cases relied upon by defendant are based on actions against the city where the city, through its public officers, was performing a governmental function: *Ernst* v. *West Covington,* 116 Ky. 850 (76 S. W. 1089, 105 Am. St. Rep. 241, 3 Ann. Cas. 882, 63 L. R. A. 652); 2 Shearman & Redfield on Negligence (6 ed.), § 267; *Wahrman* v. *Board of Education,* 187 N. Y. 331 (80 N. E. 192, 116 Am. St. Rep. 609, 10 Ann. Cas. 405).

*Haley* v. *Boston,* above, cited by defendant, contains this language in page 292:

"The general rule is well settled in this Commonwealth that a city or town which voluntarily undertakes work of a commercial character, from which it seeks to derive revenue or other special advantage, is liable like a private employer for the negligence of its servants or agents who are engaged therein." *Curran* v. *Boston,* 151 Mass. 505 (24 N. E. 781, 21 Am. St. Rep. 465, 8 L. R. A. 243); *Mahoney* v. *Boston,* 171 Mass. 427 (50 N. E. 939).

"It is not material whether the undertaking proved profitable and evidence on that point properly was excluded." *Collins* v. *Greenfield,* 172 Mass. 78, 81 (51 N. E. 454); *Little* v. *Holyoke,* 177 Mass. 114, 117 (58 N. E. 170, 52 L. R. A. 417); *Chafor* v. *City of Long Beach,* above.

3–5. The extent of the city's liability for persons injured in the building when the same has been hired to some other person depends upon the contract of leasing. Plaintiff was not a trespasser. She was

there by invitation of the person having the right to
the use of the building. She was an invitee and the
city owed to her reasonable care to prevent her in-
jury while there: Cooley on Torts (3 ed.), 1258.
This question is one of fact and the defendant is con-
cluded by the verdict of the jury. If the city under-
took, through its own employee, to janitor the build-
ing, attend to the lights, as well as furnishing light,
then it would be liable for any neglect on its part to
perform its duty. In the instant case that question
was one of fact. The jury having found against the
city on that issue, this court cannot interfere with its
verdict. It is concluded thereby.

6. It is claimed by defendant that plaintiff wilfully
brought out the fact in the presence of the jury that
defendant was insured against liability under the
circumstances involved in the instant case. It relies
upon the rule announced in *Tuohy* v. *Columbia Steel
Co.*, 61 Or. 527, 531 (122 Pac. 636), that a wilful
attempt to bring to the attention of the jury the fact
that defendant, in an action for personal injuries, was
insured, was such misconduct as would justify a mis-
trial. This rule has been followed consistently since
that decision, but it does not apply where the fact of
insurance is brought out incidentally while the plain-
tiff is seeking to adduce otherwise competent testi-
mony. As we understand the rule, it applies only
where the fact of insurance is brought out for the
express purpose of prejudicing the defendant's case
in the eyes of the jury. It is not permissible to ask
otherwise immaterial or irrelevant questions or to
make improper suggestions in order to inform the
jury that defendant is insured against casualty.
Where, however, the fact of insurance is brought out
under proper examination, fairly conducted for the

purpose of getting all of the pertinent facts before the jury, it is not error: *Wells* v. *Morrison,* 121 Or. 604, 607 (256 Pac. 641); *Melcher* v. *Connell,* 119 Or. 626, 628 (250 Pac. 742); *Coblentz* v. *Jaloff,* 115 Or. 656 (239 Pac. 825).

7, 8. Defendant cannot complain because of its insurance being revealed to the jury under the circumstances here involved. Plaintiff had introduced certain X-ray photographs which, it was claimed, showed three ribs broken from the back bone and other injuries. Defendant produced a doctor as witness who had taken X-rays which he claims did not show any fractures. In cross-examining said doctor, plaintiff's attorney asked him for whom he took the X-rays. The witness named a complete stranger to the proceedings, whereupon counsel for plaintiff asked who was this stranger and was informed he represented the Travelers' Insurance Company. We think the plaintiff was in her rights in inquiring who took the pictures: *Shoemaker* v. *Bryant Lbr. Co.,* 27 Wash. 637, 643 (68 Pac. 380); *Jones* v. *Sinsheimer,* 107 Or. 491, 494 et seq. (214 Pac. 375).

Defendant made no objection at the time but after the answers were elicited moved to strike out the answers without designating the particular answers moved against. Later plaintiff's counsel offered to consent that the testimony of said witness might be stricken out and the court offered to instruct the jury to disregard it, but appellant's counsel refused both offers. Litigants should not be encouraged to sit by and permit errors to be incurred in the trial for the purpose of having ground for appeal: *Jackson* v. *Alabama,* 94 Ala. 85 (10 South. 509); 9 Ency. of Ev. 131, § 2.

9. The court did not abuse its discretion in disallowing defendant's request to amend its answer. The tendered amendment would have materially changed the issues and the offer to amend was not made until after the trial was well advanced.

10. This court will not interfere with the ruling of the Circuit Court on the matter of amending the pleadings, except where we are satisfied there has been an abuse of discretion and injustice thereby done. That result does not appear in the instant case.

The judgment is affirmed.        AFFIRMED.

RAND, C. J., and McBRIDE and ROSSMAN, JJ., concur.