Argued March 15, affirmed as modified July 16, costs taxed and re-
hearing denied September 24, 1929.

FAYE RIEDEL, Administratrix, *v.* E. ROYCE
ET AL.

(279 Pac. 631.)

For appellants there was a brief over the names of *Mr. B. P. Gibbs* and *Messrs. Emmons, Lusk & Bynon,* with an oral argument by *Mr. Hall S. Lusk.*

For respondent there was a brief over the name of *Mr. George E. Bronaugh,* with an oral argument by *Mr. Jerry E. Bronaugh.*

BEAN, J.—The principal allegation of the complaint describes the accident, and is in substance that on July 22d, about 8:45 P. M., Riedel stepped from the sidewalk at the southwest corner of Everett and Sixth Streets, Portland, Oregon, for the purpose of crossing 6th Street, in an easterly direction when, without any warning that the taxicab intended to move backward, the car was by defendants and their agents driven at a high rate of speed backward and against Riedel as he was crossing the street, knocking him down and running across his body, causing his immediate death.

The complaint specifies the negligence charged, and alleges that Riedel was a strong able-bodied man, forty years of age, with an expectancy of 27.45 years; was a sheet-metal worker, capable of earning, and that he did earn, the sum of $8 per day. The defendants alleged negligence on the part of F. P. Riedel and that the accident occurred without fault on the part of defendants.

There are two assignments of error; one related to the improper argument of plaintiff's counsel in his closing argument to the jury. In answer to counsel for defendants upon the point that a very large sum of money was being demanded of defendants, plaintiff's attorney used the following language:

"Taxicab companies anticipate and expect these damage suits and we all know that these companies fix their rates so as to create a reserve and build up a fund to pay the amounts recovered against them."

The court, in its instructions, cautioned the jury not to be governed by any prejudice in the matter. Counsel for defendants cite cases to the effect that argument of plaintiff's counsel, in an action for personal injuries, to the effect that the defendants are indemnified and will not have to pay any verdict that may be rendered by the jury, is improper and prejudicial. Citing *Morrison* v. *Carpenter et al.*, 179 Mich. 207 (146 N. W. 106, Ann. Cas. 1915D, 319); *Walsh* v. *Wilkes-Barre*, 215 Pa. 226 (64 Atl. 407); *Doster* v. *Chicago, M. & St. P. Ry. Co.* (Mo. App.), 158 S. W. 440; *Rosummy* v. *Marks*, 118 Or. 248, 258 (246 Pac. 723).

■ The argument of counsel in the present case does not, it seems to us, come within the category of the cases to which reference is made. Nevertheless, we do not approve the argument, and think the same was erroneous. However, under the testimony in the case, pursuant to the provisions of Article VII, Section 3–c, of the Constitution, we think that a judgment for damages for the death of Riedel caused by the negligence of defendants should be rendered. Seven thousand five hundred dollars was claimed by the complaint. The jury awarded a verdict for $3,750. The amount is not excessive. We do not see that the cause should be remanded for a new trial. The verdict does not indicate prejudice on the part of the jury.

The other assignment of error relates to denying the motion of defendants to strike out the following answer given by the witness Faye Riedel: "Why, he

paid in $950.50. (This was in response to the following question propounded to her on direct examination.) Q. Well, now, during the last three years, what money, if you know, has he earned?''

█ The administratrix was the wife of and lived with the decedent from 1912 until 1924, when they were divorced. Mrs. Riedel stated that F. P. Riedel had no other source of income besides what he earned. The testimony therefore tended to show that this amount that was paid in for the care of his daughter was a portion of what he earned, and as far as it went tended to show what his earning capacity was. In view of the fact that Mrs. Riedel, during the three years from 1924 until the death of Riedel, did not personally know all about how much of the time Riedel labored at his regular occupation, we think the testimony was competent and there was no error in the refusal of the court to strike out the same. It was shown by other testimony that the decedent worked at his trade and earned upwards of $8 per day, and that he was a strong, healthy man.

A judgment in favor of plaintiff and against defendants, in the sum of $3,750, to draw interest at the legal rate from the date of the entry of the mandate in the trial court until paid, is directed to be entered.

AFFIRMED AS MODIFIED. COSTS TAXED AND REHEARING DENIED.

RAND and BELT, JJ., concur.

BROWN, J., absent.