Argued December 10, 1929; affirmed February 4, 1930

# FLETCHER v. SAUNDERS

(284 P. 276.)

*Oscar Hayter* of Dallas (R. B. Nason of Portland on the brief) for appellant.

*Walter L. Tooze, Jr.,* of Portland (Vinton & Tooze of McMinnville on the brief) for respondent.

ROSSMAN, J. This action was instituted to recover damages sustained by the plaintiff when an automobile, owned by her, collided with one operated by the defendant. The verdict and judgment were in favor of the plaintiff; the defendant appealed. He predicates two of his assignments of error upon the fact that during cross-examination evidence was received from which a jury might infer that he was indemnified by insurance against claims of this character; the remaining assignment contends that a statement, made by the plaintiff's counsel, intimated to the jury the fact of insurance. The following are the instances which the appellant calls to our attention. One Lyle Palmer was a witness for the defendants; his testimony, material to the latter, included a statement that he went to the scene of the accident shortly after it occurred. Upon cross-examination he was asked:

"Q. At whose request did you go down there?
"A. I went down with Mr. Hobson.
"Q. Who is he?
"A. He is the insurance company man.
"Q. And he asked you to go down?
"A. I volunteered.
"Q. When you spoke about 'we' it is this Mr. Hobson, this insurance company man?"

At this point the defendant moved for a new trial; it was denied and the question was not answered.

One Bruce Hadley was likewise called as a witness by the defendant. He testified that he, too, arrived at the scene of the accident shortly after it occurred; he answered in the affirmative questions which inquired whether he saw the two cars that had been in the collision while the one was on the pavement and the other was upon the embankment, and also whether he saw marks on the pavement made by them leading across the roadway to each other. During cross-examination it developed that the witness was a member of the United States army, stationed at San Francisco; he was then asked:

"Q. Were you brought up from the Presidio as a witness on this case?

"A. Yes, sir.

"Q. Who brought you up here?

"A. The insurance company sent for me is all I know."

Thereupon the motion for a mistrial was renewed and again denied. At the conclusion of the ruling counsel for the plaintiff thus addressed the court:

"I was just going to make the statement—we know what matter I am referring to, and at this time plaintiff is perfectly willing that the court instruct the jury to disregard anything that might be considered incompetent that had heretofore appeared on the trial of this case, if it so appears to the court, I won't mention that item but the court, I think, knows to what I have reference; we are perfectly willing that the jury may be instructed to disregard the same entirely."

Following this statement the defendant renewed his motion for a mistrial; it was again denied. The certificate to the bill of exceptions states:

"It is hereby further certified that the court did not at any time caution or instruct the jury to disregard the said testimony relative to insurance, or any of

such testimony, and that the fact that the defendant was protected by liability insurance was not mentioned during the trial in the presence of the jury, except as hereinabove recited and certified.''

This court has several times considered the problems arising from a disclosure that one, whom it is sought to hold responsible for an injury, is indemnified against such an event by a contract of insurance. Many of our previous decisions are cited in *Wells v. Morrison,* 121 Or. 604 (256 P. 641) ; see also *Bennett v. City of Portland,* 124 Or. 691 (265 P. 433), and *Riedel v. Royce,* 130 Or. 440 (279 P. 631). These decisions reiterate the principle that the prudence of an operator of an automobile, which caused him to provide himself with a contract, whereby an insurance company agrees to indemnify him against adverse claims arising out of the operation of his automobile, is no evidence of negligence; since it is not, evidence of that fact is never admissible to support a charge that he operated his car negligently. It is possible, however, that the fact that the defendant is insured may be incidental to some other fact, which is relevant, material and admissible. If the fact, just mentioned, can not be told without mentioning insurance, the fact of insurance will not operate to restrict the inquiry and keep out evidence of it; but the interrogator may go on and develop the fact, even though the jury is thus informed that the defendant is protected by a contract of insurance. Thus, to illustrate, a party always has the right by cross-examination to show what interest a witness has in the case, and also any other fact which may reveal in him bias. Such an inquiry, when propounded in good faith, is proper even though it may bring forth testimony that the defendant is insured. In *Bennett v. City of Portland,* supra, the rule just stated, was

applied to a situation substantially similar to the one now before us and the judgment below was sustained notwithstanding the cross-examination revealed the fact that the defendant had provided himself with insurance. The reasoning that there prompted an affirmance of the judgment below, we believe, demands a similar result here. In *Jones v. Sinsheimer,* 107 Or. 491 (214 P. 375), this court referred, with approval, to *Lenahan v. Pittston Coal Mining Co.,* 221 Pa. 626 (70 Atl. 884), wherein the court held that the right of cross-examination is not to be restricted where the object is really to show the interest and bias of the witness although it incidentally discloses the fact of insurance. It is true that under the pretense of proper examination a party may endeavor to circumvent this rule and elicit the fact of insurance merely for its prejudicial effect, but the fact that an ulterior motive may have prompted the question should not justify a finding that such was the case when the record does not satisfy us to that effect, but discloses that a proper motive probably prompted the inquiry. *Grant v. Nat. R. Spring Co.,* 100 App. Div. 234 (91 N. Y. S. 805); *Di Tommaso v. Syracuse Univ.,* 172 App. Div. 34 (158 N. Y. S. 175); *Steve v. Bonners Ferry Lmbr. Co.,* 13 Ida. 384 (92 P. 363).

██ The appellant seems to concede much of the foregoing and reduces his argument, apparently, to a contention that the plaintiff's inquiries, which brought forth the information that the defendant was insured, were unnecessary and were prompted by a purpose to reveal the prejudicial fact only. Only a portion of the evidence is before us, and from it we are unable to say that the testimony, given by these two witnesses of the defendant, was inconsequential and established no material fact. If the evidence supplied by them,

served any substantial issue in the case, the plaintiff had a right to test its strength and the credibility of the witnesses who offered it, by cross-examination, and this included the right to uncover any bias present in the witness, or any interest which he may have had in the outcome of the cause. The extent of such cross-examination is ordinarily intrusted largely to the discretion of the trial court. *Dempsey v. Goldstein Bros. Amusement Co.*, 231 Mass. 461 (121 N. E. 429). The questions, submitted to the witnesses, seem natural and apparently were intended to develop their interest in the case and their connections with the defendant. We do not feel that we would be justified in concluding that plaintiff's counsel was endeavoring, under a pretense of proper cross-examination, to develop the fact of insurance solely on account of its possible prejudicial effect. Under the circumstances, we conclude that we would be unjustified in holding that the trial court abused its discretion in permitting this cross-examination.

■ The offer made by plaintiff's counsel that the court might strike from the record the answers concerning insurance, did not mention insurance and in addition was addressed to the judge of the court and not to the jury. The record does not indicate that the jury heard this statement; in addition, the statement apparently was made in good faith and in the orderly transaction of the business before the court. We find nothing in this circumstance which convinces us that the result below should be reversed.

It follows from the foregoing that the judgment of the circuit court is affirmed.

CosHow, C. J., Bean, J., and Hamilton, A. A. J., concur.