STUART GALE et al., Appellants, *v.* CITY OF NEW YORK, Defendant, ALEX SCHNIER et al., Respondents.

First Department, February 28, 1963.

*Murray J. Richmond* of counsel (*Levine & Greenberg,* attorneys), for appellants.

*Robert V. Rafter* of counsel (*George J. Conway,* attorney), for respondents.

*Per Curiam.* This is an appeal from an order of the Supreme Court which denied plaintiffs' motion for summary judgment in a personal injury action. We think such denial was proper and the order should be affirmed.

At the outset, we observe that the opposing papers submitted by the defendant are of no probative value. They consisted of a hearsay affidavit of a lawyer and an unsworn statement of the defendant truck driver. Accordingly, we do not give them any consideration (*Di Sabato* v. *Soffes,* 9 A D 2d 297). However,

despite the absence of competent evidence to support the defendant's position, in order that the plaintiffs may be granted summary judgment they must set forth facts which make out a cause of action sufficient to entitle them to judgment. The failure to do so requires the denial of the plaintiffs' motion (*O'Connor-Sullivan, Inc.,* v. *Otto,* 283 App. Div. 269). We hold that plaintiffs' papers are not sufficient to meet the evidentiary requirements of rule 113 of the Rules of Civil Practice.

The plaintiff driver states that he was driving his automobile in a northerly direction on Fifth Avenue when defendant's truck, traveling in a southerly direction, suddenly veered over to the plaintiff's side of the road to avoid a barricade on the southbound roadway. He states further, that he attempted to avoid the oncoming truck and swerved to the right as quickly as possible but was struck by the defendant's truck. The plaintiffs rely upon these statements as the basis for summary judgment in their favor. However, these statements are merely conclusory and do not contain facts upon which we can base a finding of negligence, or of freedom from contributory negligence.

With respect to negligence, the mere fact that defendant's vehicle came to the wrong side of the road does not constitute negligence as a matter of law (see *Galbraith* v. *Busch,* 267 N. Y. 230; cf. *Griessel* v. *Adeler,* 183 App. Div. 816). Indeed, it is for the jury to determine whether it was negligent for the defendant to drive on the wrong side of the road in view of the presence and location of the barricade. The statement that the defendant's vehicle " suddenly veered " is a conclusion unsupported by any fact to enable us to accept it as evidence of negligence. Had the plaintiff set forth at what point and how far from the actual point of contact the defendant veered then we could determine whether it was done suddenly or not.

With respect to contributory negligence, the same objection applies to the plaintiff driver's statement that he attempted to avoid the accident by swerving to the right as quickly as possible. Plaintiff does not tell us where he was when he first observed the defendant's vehicle passing to the left of the barricade. It may very well be that the plaintiff did attempt to avoid the contact but there are no facts to indicate whether he should not have made the attempt sooner than he actually did. In other words, the plaintiff attempts to prove freedom from contributory negligence — as he does the defendant's negligence — by mere conclusions, without facts from which it may be determined whether the conclusions were properly drawn. Upon such a sketchy showing, which in effect tells us merely that an accident occurred, summary judgment is unavailable to the plaintiffs.

Accordingly the order denying summary judgment should be affirmed, with costs.

VALENTE, J. (dissenting). In *Connell* v. *Buitekant* (17 A D 2d 944) we observed, in quoting from *Schneider* v. *Miecznikowski* (16 A D 2d 177) that summary judgment "may not properly be invoked in automobile accident cases, except in rare instances." That reiterated our views in *Hajder* v. *G. & G. Moderns, Inc.* (13 A D 2d 651) where we said: "Actions in negligence to recover for personal injuries do not readily lend themselves to disposition under the summary judgment rule."

Plaintiffs claim that defendants' vehicle, which was being driven in a southerly direction on Fifth Avenue in the Borough of Manhattan, suddenly veered into the northbound lane and struck plaintiffs' automobile. It is averred that the driver of defendants' car, instead of going to the right of a barrier in the road, crossed over the center white line and passed to the left of the barrier. In *Gerard* v. *Inglese* (11 A D 2d 381) although it was recognized that proof of the sudden swerving of an automobile from the highway is not prima facie proof of negligence, summary judgment was awarded plaintiff because defendant made no attempt to explain her failure to control the operation of her automobile.

Here, all that was submitted in opposition to the motion for summary judgment was an affidavit by an attorney, who had no personal knowledge of the facts, to which was annexed what purported to be the unsworn statement of the driver of defendants' automobile. Defendants also called attention to excerpts from an examination before trial of one of the plaintiffs.

Of course, if a plaintiff's own papers present matter which demonstrates the existence of a triable issue, then an affidavit by a person having knowledge of the facts in opposition to the motion may not be necessary. (*Ortiz* v. *Knighton*, 14 A D 2d 679; *Connell* v. *Buitekant*, 17 A D 2d 944, *supra.*) But it may not safely be assumed by counsel for defendants in these negligence cases that every such suit *ipso facto* presents triable issues. It is incumbent on the defendant to come forward with facts which show the presence of a triable issue.

The cavalier response to plaintiffs' motion in the instant case by the interposition of the incompetent affidavit of an attorney having no personal knowledge, buttressed by an equally incompetent unsworn statement of the driver, failed to meet the burden which defendant was under a duty to assume in opposing plaintiffs' motion. Moreover, the addition of portions of the examination before trial of one of the plaintiffs did not cure the deficiency since the testimony was not materially in conflict

with plaintiffs' version of the accident. As the record now stands, based upon proper and competent affidavits, there is no demonstration of any triable issue.

I would, therefore, reverse the order and grant plaintiffs' motion for summary judgment.

RABIN, STEVENS and NOONAN, JJ., concur in *Per Curiam* opinion; VALENTE, J., dissents in opinion in which BREITEL, J. P., concurs.

Order, entered on September 18, 1962, affirmed, with $20 costs and disbursements to the respondents.