## CORPUS CHRISTI GAS CO. v. CITY OF CORPUS CHRISTI et al.  (No. 7519.)

(Court of Civil Appeals of Texas. San Antonio. March 17, 1926. Rehearing Denied April 17, 1926.)

1. **Gas ⬤⇒7(1)—Gas company held to have right under franchise to distribute natural gas and lay pipes in streets.**

Gas company, under city franchise providing that if natural gas, sufficient to supply demand of city, should be found in vicinity thereof and piped to the city, company should have right to distribute it at rates to be agreed on, *held* to have right to distribute natural gas and lay pipes in the street for purpose.

2. **Constitutional law ⬤⇒101.**

A franchise to do a particular thing is a contract, and, when money is spent on it, it becomes a vested right, protected by federal and state Constitutions.

3. **Gas ⬤⇒7(1)—Resort cannot be had to courts until city has denied franchise holder's application to lay pipes for distribution of gas.**

Where gas company had franchise right to distribute natural gas and to lay pipes in the streets for that purpose, route of company's lines and indication of streets therefor is matter of agreement, and resort cannot be had to courts until after failure or refusal of city to grant company's application.

Appeal from District Court, Nueces County; W. B. Hopkins, Judge.

Suit by the City of Corpus Christi against the Corpus Christi Gas Company and others. Decree for plaintiff, and named defendant appeals. Reversed and remanded, with instructions.

Templeton, Brooks, Napier & Brown, of San Antonio, for appellant.

James M. Taylor and Boone & Savage, all of Corpus Christi, for appellees.

COBBS, J.     The city of Corpus Christi brought this suit against the appellant Corpus Christi Gas Company, White Point Production Company, and H. S. Bettes and L. T.

Prewitt, to restrain them from digging trenches along and across certain streets of the city of Corpus Christi and from laying pipes therein for the purpose of bringing in and transporting natural gas. A temporary restraining order was granted by the district judge and thereafter made permanent.

Appellant answered fully, and by way of cross-action set up its franchise rights granted to it by appellee city, under which the right was given to distribute natural gas in said city and to dig trenches and lay pipes in the streets for that purpose. On the hearing thereof the court entered its decree denying any relief to appellant and perpetuating the injunction. The judgment, in part, is as follows:

"The court finds that in attempting to lay said feeder line from the plant of the Corpus Christi Gas Company to connect with the line of the White Point Production Company without a permit from the city of Corpus Christi, as complained of by plaintiff herein, the defendants Corpus Christi Gas Company, White Point Production Company, and Bettes and Prewitt were acting together with a common purpose and design in doing and threatening to do the things complained of by plaintiff.

"After considering the evidence and the law applicable to this cause and the argument, both oral and written, of the counsel, the court concludes as a matter of law that the defendant Corpus Christi Gas Company and its predecessors in the ownership of said franchise have not now, and have never had, the franchise, privilege, and right to distribute natural gas in the city of Corpus Christi; the provisions referring to natural gas in said franchise being without consideration and without mutuality, and therefore not binding and not enforceable.

"The court concludes as a matter of law that the permits for which applications were made by the Corpus Christi Gas Company to the city council of the city of Corpus Christi were not such permits and applications as contemplated by the provisions of the franchise for permits for ordinary extensions to consumers in the ordinary course of business, but were permits requested for the purpose of obtaining and distributing a supply of natural gas. * * *

"It is therefore, on this the 25th day of July, A. D. 1925, ordered, adjudged, and decreed by the court that the prayer of the defendant asking for the issuance of the writ of mandamus or mandatory injunction or other equitable writ or order of this court as set out in the cross-action of the Corpus Christi Gas Company be and the same is hereby in all things refused and denied, and that as to such cross-action the plaintiff city of Corpus Christi and the defendants in said cross-action, P. G. Lovenskiold, mayor, and H. B. Johnson, W. J. Smith, D. A. Segrest, and W. W. Chapman, commissioners, and J. M. Taylor, city attorney, and J. M. Shaw, city marshal, and Delmas Givens, judge of corporation court, go hence without day."

[1] The court conceived the erroneous idea that appellant had no right under its charter to distribute natural gas. The rights of ap-

---

pellant, if any, grow out of its charter right contained in Section 7 of the franchise, to-wit:

"If natural gas should be found in the vicinity of Corpus Christi and piped to the city of Corpus Christi or be otherwise obtainable in sufficient quantity to supply the demand for gas in the city of Corpus Christi, then said grantee shall have the right and privilege to transmit, distribute, and sell natural gas at prices to be agreed upon by said grantee and the city council of the city of Corpus Christi; and in the event of their failure to agree upon the price to be charged for said natural gas, then the price charged therefor by said grantee shall be the average price as shown upon the rate sheets of other cities and towns in the state of Texas of like population to or greater population than the city of Corpus Christi, and said rate sheets shall be the basis of fixing such prices for natural gas for the city of Corpus Christi."

The evidence shows that appellant organized its corporation and performed all its franchise obligations; made the improvements in the city and was engaged in the distribution of artificial gas under its charter, to consumers, without any interference on the part of the city; and spent large sums of money to equip its plant. The city in the meanwhile undertook and did distribute natural gas to the consumers in the city. At the time of the hearing on the application for temporary injunction on March 20, 1923, the city had voted some $350,000 bonds to put in a distributing system to distribute natural gas and had secured many contracts with various citizens to take the same, and about the middle of January, 1923, the city started laying a pipe line to the larger industries. The Saxet well, with which the city connected to get gas, was completed in January, 1923.

We think the facts show that the appellant practically complied with, or attempted to comply with, every reasonable demand made upon it by the city. Indeed, it is apparent that the city did not base its application for injunction on any complaint for failure of the appellant to comply with any provision of its franchise, with reference to procuring permits; or on any contention that there was any particular route sought or particular place in the streets where the pipe was to be laid; or the failure of the company to comply with any restrictions with reference to the laying of the pipes. But it was sought mainly upon the ground that the gas company had no right whatever under its franchise to distribute natural gas, and that, before it could do that it would have to seek an amendment to its franchise so as to authorize it to exercise that right. Such was the view of the trial court.

That is error, for the franchise, specially above set out, gives the right to supply nat-ural gas if found in the vicinity of Corpus Christi in paying quantities and piped into the city. In fact, a charter right to furnish gas would mean either or both natural and artificial gas. 28 Corpus Juris, p. 347.

[2] It must be remembered that a franchise to do a particular thing is a contract, and when even the least money is spent on it, it becomes a vested right, and creates a vested right to complete the same. This has many times been decided by our courts, as well as by the Supreme Court of the United States. It is the universal law of the land and is protected by the Constitution and laws of Texas and of the United States.

It was shown without dispute that the city refused the request and application of appellant to come into the city with pipe lines so as to permit its distribution of natural gas under its franchise rights, because the city claimed the gas company had no such right at all; that it only had the right to distribute artificial gas, which service it had long been performing and upon which large expenditures of money had been made.

[3] The appellant has shown a clear franchise right and a valid mutual contract, based upon adequate consideration, to distribute natural gas and to put itself in a position to perform the service of supplying the city with natural gas, and it was an arbitrary act upon the part of the city to refuse appellant's application, for the reasons stated. We are not unmindful of the city's exclusive jurisdiction over its own streets and alleys, and its inherent power to reasonably indicate the streets and routes of appellant's pipe line, yet it cannot arbitrarily deny such application altogether. That is a matter that may be transacted by mutual agreement or otherwise, and no resort can be had to the courts until after such failure or refusal on the part of the city to grant the application.

As the main question here is to determine the rights of the parties in respect to the distribution of natural gas and to secure the proper use of streets upon which to lay the pipe lines, we leave the question of route out of any discussion until the parties have attempted a settlement of that question between themselves, under the order of this court. We only go to the extent of holding that the appellant is entitled to relief, and that the judgment should be reversed and the injunction dismissed; that the cause should be remanded and a mandamus be awarded on appellant's cross-action against the city of Corpus Christi and the officials named in appellant's cross-action, directing them to grant appellant its permit to lay the line of pipe necessary for the purpose of bringing in and distributing natural gas in accordance with its right under its franchise contract.

Reversed and remanded, with instructions.