MUNICIPAL GAS CO. v. CITY OF WICHITA FALLS.

No. 13209.

Court of Civil Appeals of Texas. Fort Worth.

Sept. 20, 1935.

Rehearing Denied Oct. 18, 1935.

Roy C. Coffee, Marshall Newcomb, and Warren J. Collins, all of Dallas, and Carrigan, Hoffman & Carrigan, of Wichita Falls, for appellant.

B. D. Sartin and W. E. George, both of Wichita Falls, for appellee.

BROWN, Justice.

The Municipal Gas Company, appellant, is a private corporation existing by virtue of the laws of the state of Texas, and has been for some time engaged in selling and distributing natural gas to the public in the city of Wichita Falls, Tex. Appellee, city of Wichita Falls, is what is known as a home-rule city, operating under a charter adopted pursuant to the provisions of section 5, article 11, Constitution of the state of Texas. On June 18, 1934, the said city passed an ordinance, which is No. 1161, the caption of which reads as follows:

"An ordinance to fix rentals to be paid by telegraph, telephone, electric, and gas companies for the privilege of using with their poles, wires, conduits, pipes, and fixtures the streets and alleys and other public ways within the city of Wichita Falls, Texas, providing penalties for violation and declaring an emergency."

Section 3 of the ordinance provides, in substance, that every person or corporation occupying or using the streets, highways, alleys, etc., in the city of Wichita Falls, Tex., with poles, and/or pipes shall, as a condition to such further occupancy, pay to the city annually for such privileges a rental equal to 5 per cent. of the gross receipts received by such person or corporation from its business conducted in the corporate limits of said city for the preceding year, which sums shall be paid to the tax department of said city. The ordinance further provides that every person or corporation who shall operate without the payment of rentals provided for in the ordinance shall be subject to a penalty of not less than $100, nor more than $200 for each and every day that such person or corporation shall conduct such business, using and occupying the streets, alleys, etc., without the payment of such rentals. And having provided for the making of reports of the gross receipts to the said city and the right to examine the books of such persons and corporations, the said ordinance further provides that every person and corporation, and the local manager or agent of all such who fail or refuse to make the required reports or fails or refuses to allow an examination of its books, shall be fined in the sum of $200, and that every day's failure or refusal shall be deemed a separate offense.

Appellant brought suit against appellee city, asking for a temporary injunction restraining appellee from enforcing said ordinance and filed its petition in the district court of Wichita county, Tex. It alleged its corporate existence under its charter and its authority to conduct business thereunder, and alleged that by mesne conveyances it had acquired and for many years owned and operated under a franchise granted to M. W. Bahan by said city on the 4th day of September, 1908, and that it had also acquired and owned and had operated under a franchise granted to J. W. Culbertson by said city on December 27, 1910. It alleged that to require it to pay the rentals provided for by the said ordinance would result in an actual loss to it and attacked the ordinance on the following grounds:

(1) Because the franchises under which it claims to operate amounted to contracts between it and the city, and said ordinance is an unlawful attempt to abridge appellant's rights thereunder, which it claims have become vested in it by reason of large investments it has made; (2) because its franchises are private property within the meaning of the Fourteenth Amendment to the Constitution of the United States, and the enforcement of such ordinance would operate to deprive it of its property without just compensation or due process of law, contrary to said Fourteenth Amendment; (3) because its franchises were private property within the meaning of section 19, article 1, of the Constitution of the state of Texas, and the enforcement of such ordinance would deprive it of its property without due process of law, contrary to the provisions of said Constitution; (4) because said ordinance is an unlawful attempt by appellee to nullify,

amend, and abridge the provisions of the franchises which it had theretofore granted and which were owned by .appellant; (5) because the enforcement of such ordidance is an attempt to deprive appellant of the rights granted to it by the laws of the state of Texas, and particularly article 1497, R.C.S. 1925; (6) because said ordinance, if construed as an attempt by the city to exercise its police power, is void and unenforceable and constituted an abuse of power by said city, in that the ordinance does not purport to control the conduct of appellant's business and its relations with the public, and does not purport to preserve or protect the public safety, health, and morals, but was intended to and did exact revenues from appellant as a condition precedent to the exercise of the rights, powers, and privileges granted to it by the general laws of the state of Texas and its franchises, and that the revenue sought to be raised by the ordinance is grossly in excess of any cost or expense incurred, or which would be incurred by the city of Wichita Falls in the proper regulation or control of appellant in its relations with the city and the public whom it serves; (7) that such ordinance is void and unenforceable because it imposes upon appellant oppressive, unreasonable, and exorbitant charges which hâd no relation to the cost to the city of regulating, controlling, and supervising appellant's business, and the fee exacted by said ordinance had no reasonable relation to the value, extent, and nature of the occupation and use by appellant of the streets and public thoroughfares in such city; (8) because such ordinance is an attempt to levy and impose on appellant an occupation tax greater than one-half of the occupation tax levied against appellant by the state of Texas, and that such ordinance was in violation of article 8, § 1, of the Texas Constitution; (9) because such ordinance is in conflict with and repugnant to article 7078, R.C.S. 1925, in that appellant paid to the state of Texas annually an occupation tax based upon its gross receipts, as provided in article 7060, R.C.S. 1925, as amended by Acts of the 41st Legislature, 5th Called Session, 1930, chapter 34, § 1 (Vernon's Ann.Civ.St. art. 7060), and that article 7060 and 7078 were a part of chapter 2, title 122, of the 1925 Revised Civil Statutes; (10) because such ordinance is an attempt by the city to rent the use of the streets and public thoroughfares to public utilities, contrary to the laws of the state of Texas, providing the way and manner that a municipal corporation shall consent to the use of their streets and public thoroughfares by such utilities; (11) because such ordinance is arbitrary and unreasonable as a street rental ordinance, in that the rental provided for therein bears no reasonable relation to the rental value of the streets and thoroughfares of said city; (12) because the penalty provisions of such ordinance are unreasonable, oppressive, and excessive to such an extent as to take appellant's property without due process of law, in violation of section 1 of the Fourteenth Amendment to the Constitution of the United States, and article 1, § 19, and article 1, § 13, of the Constitution of Texas; (13) because such ordinance is discriminatory in that it did not apply to all persons, firms, or corporations using and occupying the streets and public thoroughfares in said city; (14) because said ordinance is a revenue raising measure and a tax for the raising of revenue to carry on the general municipal affairs of such city, and will compel appellant's customers and consumers to pay a greater tax to said city than the other inhabitants who are not customers of appellant.

A hearing was had on the petition for a temporary restraining order, and after some evidence and testimony was introduced by appellant, plaintiff below, the appellee city, defendant below, declined to introduce any evidence, and on September 18, 1934, the honorable trial judge denied appellant's prayer for a temporary injunction and dismissed appellant's suit, and from this judgment appellant presents its appeal.

We are of the opinion that it was within the discretion of the trial court, under the circumstances and after the hearing had, to either grant or refuse the temporary injunction, and so much of the trial court's judgment which refused to grant the temporary restraining order is by us affirmed.

The Bahan franchise, under which appellant has been operating in the city of Wichita Falls, had expired prior to the passage of the ordinance attacked in this suit, and, so far as appellant's rights are concerned, the provisions of that franchise are not available to appellant, and it has been operating in the city of Wichita Falls since the expiration of that franchise by sufferance on the part of the said city, unless it can be said that the appellant is op-

erating under the provisions of the Culbertson franchise, which has not yet expired and which will not expire until December 28, 1935.

The trial court evidently concluded that the testimony, introduced at the hearing, had for procuring a temporary restraining order, did not show that appellant is operating under the Culbertson franchise, and we are of the opinion that the evidence is insufficient to show any such right.

■ The burden of proof was upon appellant to produce evidence sufficient to satisfy the chancellor that it was entitled to a temporary restraining order. •

■ The introduction in evidence of the Culbertson franchise was not proof that appellant was operating under such right and authority.

There was no evidence tending to show that appellant was operating under the terms, the imposed conditions, and the restrictions found in such franchise, and appellant does not allege that it was so operating.

■ Even though appellant is able to show that it is operating under the Culbertson franchise, never-the-less the appellee is not to be denied the right to charge for the use and occupancy of the streets, although the franchise does not so provide, because the municipality is prevented by the terms of the Constitution of Texas from granting irrevocable or uncontrollable special privileges (article 1, § 17). Southwestern Teleg. & Tel. Co. v. Dallas (Tex.Civ.App.) 174 S.W. 636, writ of error dismissed, 248 U.S. 590, 39 S.Ct. 7, 63 L.Ed. 435.

The reasonableness of the rental is the controlling issue.

■ If appellant is operating without a franchise, the city of Wichita Falls may require it to vacate, or it may permit it to continue to operate by express act or by suffering its continuance. No express grant has been given appellant, but appellee is never-the-less restricted to the rule of imposing reasonable conditions and terms upon appellant. City of Toledo v. Toledo Rys. & Light Co. (C.C.A.) 259 F. 450; City and County of Denver v. Denver Union Water Co., 246 U.S. 178, 38 S.Ct. 278, 62 L.Ed. 649.

■ The learned trial judge erred in dismissing appellant's suit. A full hearing on the merits should be had.

The judgment of the trial court denying the temporary injunction is affirmed, and the judgment dismissing the cause of action is reversed and the cause remanded for a trial on the merits.