## HOUSTON LIGHTING & POWER CO. v. FLEMING et al.

### No. 10853.

Court of Civil Appeals of Texas. Galveston.

April 27, 1939.

Rehearing Denied May 25, 1939.

W. P. Hamblen, Baker, Botts, Andrews & Wharton, and F. G. Coates, all of Houston, for appellant.

Robt. L. Sonfield, C. A. Leddy, and Fulbright, Crooker & Freeman, all of Houston, for appellees.

A. J. Lamonte, of Houston, for appellees on rehearing.

Sewall Myer, City Atty., and Vernon Coe and Will Sears, Asst. City Attys., all of Houston, for City of Houston, amicus curiæ.

GRAVES, Justice.

Appellant, an electric utility company, brought this suit to enjoin the City of West University Place and its officials from enforcing its newly-adopted ordinance No. 129 of January 4 of 1938, copy of which is appended hereto as Exhibit A, requiring all telegraph, telephone, electric, and gas companies furnishing their respective services in the City to pay four per cent of their annual gross-receipts from business done therein, as a "street-rental", and conditioning their future right to use the streets at all for such purpose upon compliance with such ordinance. This appeal is from a judgment of the 61st District Court denying the relief sought, entered after a trial on the merits before the court without a jury, upon evidence from both sides, pursuant to an express holding that the ordinance was valid and constitutional in all respects.

Appellant began furnishing its electric service to the area now comprising the appellee-City of West University Place on January 1 of 1921, prior to its incorporation under the general law of the State in 1925, pursuant to R.S. Title 28; from 1925 to 1930 appellant furnished its electric service in such city without an ordinance consenting to its occupancy of the streets for that purpose, during which period the City's population increased from 260 to over 1300 people; at the time of this trial a further increase had occurred up to between 3500 and 4500 people; thereafter, on May 29 of 1930, the City, by an ordinance which was duly accepted by the appellant, granted it a franchise for such use for its service of its then-existing and future streets for a period of 50 years, copy of which franchise is appended hereto as Exhibit B.

As its terms declare, this consent-franchise, while imposing other conditions the appellant accepted, did not provide, nor did it accept, a charge for the use and occupancy of such streets; on the contrary, the undisputed evidence shows (indeed, the parties so agree) that the service continued under that franchise with no such claim ever having been made until the enactment and attempted enforcement in 1938 of stated ordinance No. 129, so forming the subject matter of this injunction-suit.

This court, upon a consideration of the controversy in the light of the record and the briefs of the parties, including that of the amici curiae, concludes that the judgment of the learned trial court was erroneous, must be reversed, and the cause rendered in appellant's favor, mainly upon these considerations:

(1) The appellant's right to the use and occupancy of these streets for that purpose was predicated upon a general statute of the State applying uniformly to all corporations rendering gas or electric service, which declared its general and state-wide policy with reference to such use and occupancy of streets in such cities and towns so created, to-wit, R.S. Article 1436; the right given thereby is plainly and directly granted by the State, and became complete on the giving of the City's consent thereto, which as indicated supra, occurred in this instance, that being the sole statutory condition-precedent to the investment of the utility with the granted right; Galveston & W. Ry. Co. v. City of Galveston, 90 Tex. 398, 39 S.W. 96, 36 L.R.A. 33; Denison & S. R. Co. v. S. L. S. W. Ry. Co., 96 Tex. 233, 72 S.W. 161, 201; Russell v. Sebastian, 233 U.S. 195, 34 S.Ct. 517, 58 L.Ed. 912, Ann.Cas.1914C, 1282; Fort Worth Gas Co. v. Latex Oil & Gas Co., Tex.Civ.App., 299 S.W. 705, writ refused, 118 Tex. 674.

(2) This City, having thus been incorporated under the general law and never having attained a greater population than 4500, was accordingly in its relations with such a utility as appellant, amenable to and governed by this gen-

eral law of the State, as declared in cited R.S. Article 1436; this record fails anywhere to show any abrogation, repeal, or impairment by the Legislature of the right to so use and occupy these streets for the time stipulated between the parties; on the contrary, there is no contention by the appellees that any such abrogation, abatement, or modification did ensue, they, on the other hand, claiming that the power to so undermine the preexisting franchise by adopting Ordinance 129 is to be implied from R.S. Articles 1015 (23) and 1016, as well as from the provision of the Bill of Rights, Article 1, section 17, of the Texas Constitution, Vernon's Ann. St., prohibiting irrevocable or uncontrollable grants of special privileges or immunities.

(3) This cited Constitutional prohibition, in this court's opinion, cuts just the other way; that is, instead of withdrawing from· Constitutional protection the stated franchise-rights that so became complete on the City's acceptance under R.S. Article 1436, it secures and safeguards them unimpaired by expressly reserving them to the control of the Legislature itself alone; furthermore, in no exact nor legal sense could the right so granted appellant under that general statute, applicable alike to all corporations furnishing such service who met its requirements, be termed a special privilege or immunity; rather, in the plain circumstances, it was just a privilege or franchise granted direct by the State, through the Legislature by means of that general enactment, to any such corporation as satisfactorily met its terms and furnished the Utilities for the public benefit its terms dealt with; Mayor, etc., of City of Houston v. Houston City St. Ry. Co., 83 Tex. 548, 19 S.W. 127, 29 Am.St.Rep. 679; Galveston & W. Ry. Co. v. City of Galveston, 90 Tex. 398, 413-414, 39 S.W. 96, 36 L.R.A. 33; Denison & S. R. Co. v. St. Louis S. W. R. Co., 96 Tex. 233, 242, 72 S.W. 161, 201; 19 Tex.Jur., pp. 877-878.

■■■ (4) Thus appellant's occupancy of these streets, under the express statutory authority vouchsafed by validly outstanding R.S. Article 1436, confirmed by the appellee-City's express written consent subsequently given by franchise, constituted a contract that remains protected against impairment by the very provision of our Constitution the appellees invoke in their own behalf; in other words, Or-

dinance 129—in the absence of any nod from the Legislature itself withdrawing any of the privileges it had theretofore granted under R.S. Article 1436—comes into direct conflict with the general law of the State, which it may not be permitted to do; it thereby unconstitutionally impairs the contract-obligation appellant had already entered into the discharge of, by increasing the burdens of and impairing the benefits to the appellant under it; in short, it amounts to an attempted repeal, by necessary implication, of the City's prior, unexpired franchise-contract to accept such electric service for 50 years, inclusive of the easements, rights of ingress and egress, and of user that went to appellant under it, without further charge or claim. Russell v. Sebastian, 233 U.S. 195, 34 S.Ct. 517, 58 L.Ed. 912, Ann.Cas.1914C, 1282; City of Louisville v. Cumberland Tel. & Tel. Co., 224 U.S. 649, 32 S.Ct. 572, 56 L.Ed. 934; Rio Grande R. Co. v. City of Brownsville, 45 Tex. 88; City of Tulsa v. S. W. Bell Tel. Co., 10 Cir., 75 F.2d 343; City of Fort Worth v. S. W. Bell Tel. Co., 5 Cir., 80 F.2d 972; Mayor, etc., of City of Houston v. Houston City St. Ry. Co., 83 Tex. 548, 19 S.W. 127, 29 Am.St.Rep. 679; Texarkana Gas & Electric Co. v. Texarkana, 58 Tex.Civ.App. 109; 123 S.W. 213; City of Vernon v. Montgomery, Tex.Civ.App., 265 S.W. 188, writ refused; Corpus Christi Gas Co. v. Corpus Christi, Tex.Civ.App., 283 S.W. 281, writ refused; Northern Texas Utilities Co. v. Community Natural Gas Co., Tex.Civ.App., 297 S.W. 904, writ refused; 12 Am.Jur. p. 19, sec. 397; Columbia Ry., Gas & Elec. Co. v. South Carolina, 261 U.S. 236, 43 S.Ct. 306, 67 L.Ed. 629; Carondelet Canal & Nav. Co. v. Louisiana, 233 U.S. 362, 34 S.Ct. 627, 58 L.Ed. 1001; McCracken v. Hayward, 43 U.S. 608, 2 How. 608, 11 L.Ed. 397; Cooley, Const.Lim., 8th Ed., p. 582; Boise Artesian Hot & Cold Water Co. v. Boise City, 230 U.S. 84, 33 S.Ct. 997, 57 L.Ed. 1400; Travelers' Ins. Co. v. Marshall, 124 Tex. 45, 76 S.W.2d 1007, 96 A.L.R. 802; 39 Tex.Jur., p. 624.

■■■ (5) It is further thought the State's entire public policy as to the use and occupancy of streets by electric corporations is thus found in R.S. Article 1436—that is, to simply grant the right for such use, together with the necessary easements and rights of way, in any city

incorporated by general law, if and when that city so consents by ordinance, franchise, or otherwise; if such policy of the State had further been to authorize such cities to raise revenue from that prescribed use, like that termed "street-rental" in Ordinance 129, and that without any additional quid pro quo, it seems well-nigh obvious that the power to prohibit such use, except by the payment of further compensation, would have been expressly given somewhere in that statute, as it has been given to "Home Rule" cities by section 12 of R.S. Article 1175. Texas & Pacific R. Co. v. City of El Paso, 126 Tex. 86, 85 S.W.2d 245; City of Owensboro v. Cumberland Tel. & Tel. Co., 230 U.S. 58, 33 S.Ct. 988, 57 L.Ed. 1389; City of Fort Worth v. S. W. Bell Tel. Co., 5 Cir., 80 F.2d 972; City of Louisville v. Cumberland Tel. & Tel. Co., 224 U.S. 649, 32 S.Ct. 572, 56 L.Ed. 934; 15 Tex.Jur., Easements, sec. 13; 17 Am. Jur., Easements, sec. 96; Howell v. Estes, 71 Tex. 690, 12 S.W. 62.

■ (6) It has become axiomatic in Texas that, in the absence of express authorization, no city or town—not even a "Home Rule" one—can pass any ordinance on any governmental-subject that conflicts with the general law of the State on the same subject. Galveston & W. Ry. Co. v. City of Galveston, 90 Tex. 398, 39 S.W. 96, 36 L.R.A. 33; 28 Texas Digest, Municipal Corporations, ⊜111 (2), p. 556; 30 Tex.Jur., par. 167, p. 300.

■ (7) So that, where a general law of the State, state-wide in its operation, has been passed by the Legislature declaratory of the public policy of the State at large on any governmental-subject within its competency, no mere arm or agency of its sovereignty may legislate to the contrary, Dry v. Davidson, Tex.Civ.App., 115 S.W.2d 689, writ of error refused; it is equally as well settled that, in the absence of prohibition in the Constitution—express or by necessary implication—the plenary power of the Legislature to declare the State's policy persists, Seydler v. Border, Tex.Civ.App., 115 S.W.2d 702, writ of error refused.

■ (8) The power to adopt and enforce Ordinance 129, it is thought, is not to be derived from R.S. Articles 1015 (23) and 1016, as the appellees and the amici curiae urge; because, to give them such a meaning by implication, would make them directly inconsistent with the specific declaration of the appellant's right to occupy these streets under general statute 1436; such inconsistency necessarily results from the fact that the ordinance would impose a heavy additional burden on the power-company's further enjoyment of its hitherto untrammeled grant directly from the State.

■ (9) Moreover, Articles 1015 and 1016 plainly pertain to the removal of obstructions of streets, and to their opening, improvement, grading, and cleaning, which, by now well-settled holdings in Texas, constitute merely regulatory measures calling into exercise private or proprietary functions, rather than governmental-ones. Ostrom v. City of San Antonio, 94 Tex. 523, 526, 62 S.W. 909; City of Panhandle v. Byrd, 130 Tex. 96, 106 S.W.2d 660, 662; City of Galveston v. Posnainsky, 62 Tex. 118, 127, 50 Am.Rep. 517; City of Fort Worth v. George, Tex.Civ.App., 108 S.W. 2d 929, writ denied.

■ (10) For a like reason, it is further thought, no authority for this ordinance lay in appellee-City by virtue of its police-power, in that its enactment and enforcement, also by accepted authority, did not constitute a lawful exercise of that power on its part; charges imposable under the City's police-power are those incident to regulation and control, in amounts reasonably necessary for such purposes—like license-fees, fines, etc.—and not those whose primary objective is the raising of revenue to support the city government on, which constitute taxes that can only be exacted under a governmental-power plainly conferred upon it for that purpose. Scroggins v. City of Harlingen, Tex.Sup., 112 S.W.2d 1035, former opinion adhered to, but remanded for determination of other issues, Tex.Sup., 114 S.W.2d 853; Wiggins v. City of Fort Worth, Tex. Civ.App., 299 S.W. 468, affirmed Tex.Com. App., 5 S.W.2d 761; 30 Tex.Jur., pp. 541-542, sec. 299, and Notes 29 A.L.R. 863, 874, and 99 A.L.R. 686, 694; McQuillin, Municipal Corps., 2nd Ed., 1178–1180, sec. 2486; Little v. Holyoke, 177 Mass. 114, 58 N.E. 170, 52 L.R.A. 417; Buchanan v. Town of Barre, 66 Vt. 129, 28 A. 878, 23 L.R.A. 488, 44 Am.St.Rep. 829.

■ (11) In further support of these conclusions, this excerpt from appellant's reply-brief is quoted with approval:

"A city acting privately may create contractual obligations, and thus raise rev-

enue without exercising the power to tax. Such acts are not ultra vires, i. e., not beyond the *entire scope* of the city's powers, when they come within the range of its proprietary rights. But there is a vast difference between creating a duty to pay and thus raising revenue by the voluntary, mutual, processes of contract, and the imposition of a charge by force of law. It is the use of legislative power to raise municipal revenue, the fact that this charge is compulsory, and not a matter of bargain, that stamps this Ordinance 129 as a tax-measure. The attempted use of governmental power to coerce payment is not supported when it is shown that the City might have enforced a contract to pay the charge.

"Macdonnell v. I. & G. N. Ry. Co., 60 Tex. 590, 596, which holds that a city's proprietary right to charge and collect rent would be *inoperative* unless the city had the power to make a rental contract, is directly in point.

"McQuillin points out the apparent conflict of decisions which has arisen from the failure to 'distinguish between the legislative or governmental powers, on the one hand, as applied to or affecting the police-power, or in which the latter is involved, and administrative powers with respect to the private or proprietary rights and interests or business, on the other, or the dual capacity in which municipal corporations act.'

█ "The same city ordinance may, and often does combine both governmental and contractual regulations. The governmental regulations have the force of law, but the contractual regulations become effective only by acceptance of the ordinance. See McQuillin, Municipal Corps., 2nd Ed., secs. 673 and 1803.

"If appellant should voluntarily accept and operate under Ordinance 129, no doubt it would become obligated to pay the charge as a matter of contract, and would be held to have surrendered all rights under the 1930 ordinance inconsistent therewith.

█ "Then the case comes to this. The City is attempting to impose this charge and make its payment compulsory by the exercise of governmental, legislative-power. This is not a lawful use of the police-power, because the purpose is to raise revenue by force of law. The raising of revenue by force of law is taxation. The proprietary right of a city to collect rent is not the subject of govern-

mental, legislative-power but is a matter of contract."

(12) The inherent nature of the charge here, yclept a "street-rental", has not been gone into, except as incidental to the finding that the police-power did not justify its exaction by law; nor is it deemed essential that that be further done, under this court's determination that the ordinance irreconcilably conflicts with R.S. Article 1436; however, appellant attacks it upon many other grounds, such as that: (1) It imposes in effect an occupation-tax on gross receipts, contrary to the State Constitution and statutes; (2) a charge for the privilege of doing business within the City, contrary to amended R.S. Articles 7060 and 7078 Vernon's Ann.Civ.St. arts. 7060, 7078; (3) it deprived appellant of its vested property-rights without due course or process of law, in violation of both the United States and Texas Constitutions; (4) the 4% gross-receipts therein called for is arbitrary, grossly excessive, and unreasonable.

If, as is herein held, the ordinance is invalid anyway and its enforcement interdicted upon any of the grounds stated supra, the opinion need not be extended into a discussion of these cumulative presentments; suffice it to say, however, that all parties in this court concede that, in no event, could it be enforced if it were shown to be unreasonable as applied to the circumstances and situation obtaining; they differ as to whether or not the evidence heard was determinative of that question —appellant insisting that it showed unreasonableness without dispute, the appellees that it did not even raise an issue upon the subject.

Neither has any attempt been made by this court to enter the vast field of citations of authorities severally made, nor to trace the winding trail of a continuity of decision down through them; there may or may not be such a line, however devious it certainly would become at times, if existent at all; if any of the holdings in S. W. Tel. & Tel. Co. v. City of Dallas, Tex. Civ.App., 174 S.W. 636, or Municipal Gas Co. v. Wichita Falls, Tex.Civ.App., 88 S. W.2d 608, upon which appellees and the amici curiae mainly rely, conflict with the basic one here, it is thought they proceeded from dissimilar states of fact; while the Supreme Court refused writ of error in one and dismissed the application in the other, in neither, under the law then exist-

ing, did it do more than approve the judgments rendered, and not the opinions of the two Courts of Civil Appeals. Brackenridge v. Cobb, 85 Tex. 448, 450, 21 S.W. 1034; Fleming v. Texas Loan Agency, 87 Tex. 238, 241, 27 S.W. 126, 26 L.R.A. 250; Ehlinger v. Clark, 117 Tex. 547, 554, 8 S.W.2d 666.

Under the major conclusion that appellant's right to the use of the streets came to it from the State under R.S. Article 1436, that under Article I, section 17, of the Constitution, the control of the privilege-franchise thereby granted it was left in the Legislature alone, and that, by the undisputed proof, the Legislature had not authorized the appellee-City either to impose such a charge as Ordinance 129 carried for appellant's occupancy of its streets, or to condition its right to occupy them upon payment of such a charge therefor, the appealed-from judgment will be reversed, Ordinance 129 will be declared invalid, and its enforcement will be enjoined.

Reversed and rendered.

### Exhibit A

### Ordinance No. 129

An ordinance fixing rentals to be paid by telegraph, telephone, electric, and gas companies for the privilege of using with their poles, wires, conduits, pipes, and fixtures the streets, easements, and alleys and other public ways within the City of West University Place, Texas, providing penalties for violation, and providing an emergency.

Be it ordained by the Board of Commissioners of the City of West University Place, Texas:

Section 1. That all persons, associations, organizations, and corporations using or maintaining any telegraph, telephone, electric light or other poles, gas pipe lines, pipes and other fixtures in any of the streets, highways, easements, alleys, parks or other places within the corporate limits of the City of West University Place, Texas, shall on the 1st day of August of each and every year file with the City Secretary a sworn report showing the gross receipts from the business conducted by such persons, associations, organizations and corporations within the corporate limits of the said city for the preceding year ending June 30th.

Section 2. The Board of Commissioners may when it may see fit have the books and records of the person, association, organization, or corporation rendering the statement required in Section 1 of this Ordinance examined by a representative of the city to ascertain whether such statement is accurate, but nothing in this Ordinance shall be construed to prevent the city from ascertaining the facts by any other method.

Section 3. That upon the 1st day of August of each and every year, every person, association, organization, or corporation occupying or using the streets, highways, easements, alleys, parks, or other public places in the City of West University Place, Texas, with poles, pipes, and for other fixtures shall as a condition to such further occupancy pay to the city annually for such privileges a rental equal of four (4%) per cent of the gross receipts received by such person, association, organization, or corporation from its business conducted in the corporate limits of the City of West University Place, Texas, for the preceding year which sums shall be paid to the City of West University Place, Texas.

Section 4. That upon receipt of the above rental by the city, the City Secretary shall deliver to the person, association, organization, or corporation paying the same a receipt for such rental, which said receipt shall authorize such person, association, organization, or corporation to use and occupy the streets, highways, easements, alleys, parks and other public ways of the City in carrying on its business for twelve (12) months from August 1st of such year.

Section 5. That the rental for the privilege of using the streets, alleys, highways, easements, and public places of the City of West University Place provided for in this ordinance is not charged as a tax, but is made for the privilege now enjoyed and to be enjoyed by such persons, associations, organizations, and corporations of using the streets, easements, alleys, and other public ways of the city in the conduct of their respective businesses; and such charges are additional to all ad valorem and franchise taxes and to all taxes of every nature whatsoever against the persons, associations, organizations or corporations mentioned herein.

Section 6. That nothing herein is intended to relieve any person, association, organization, or corporation of any condition, restriction or requirement, imposed by

any law or ordinance of the said City of West University Place, Texas.

Section 7. That this ordinance does not grant a franchise to any utility or person, association, organization or corporations to use the streets, easements, alleys and other public ways and shall never be so construed by the courts or otherwise, and the city reserves the right to cancel the privileges granted hereunder and refund the unearned rentals paid to the city.

Section 8. That the City of West University Place hereby reserves the right to put into effect at any time other restrictions and regulations as to the erection and maintenance of poles, wires, pipes, and other appurtenances in the streets, easements, alleys and other public ways of the said City and from time to time to require such poles, pipes, wires and other property equipment and fixtures as it may deem proper to be removed and to require wires to be run in conduits on such terms as the city may deem proper.

Section 9. That every person, association, organization, and corporation who shall operate any business without the payment of the rentals provided for herein shall be subject to a penalty of One Hundred ($100.00) Dollars for each and every day that such person, association, organization, or corporation shall conduct such business using and occupying the streets, easements, alleys, or other public ways of the City of West University Place without the payment of the said rentals which said sum may be recovered by the City of West University Place in a court of competent jurisdiction by a suit filed therein.

Section 10. That every person, association, organization or corporation and the local manager or agent of every such person, organization or corporation failing or refusing to make the report required by Section 1 of this Ordinance, or failing or refusing to allow the examination provided for in Section 2 herein shall upon conviction in the Corporation Court of the City of West University Place, Texas, be fined in any sum not to exceed One Hundred ($100.00) Dollars and every day's failure or refusal, as mentioned in this Section, shall be deemed a separate offense.

Section 11. The city fire marshal, building inspector, electrical inspector, city's police officers, and such other persons designated by the city, shall have power and it shall be their duty to examine and inspect from time to time all telegraph, telephone, electric light or other poles, gas pipe lines, pipes and other fixtures in the public places within the city for the purpose of seeing that all of same are in a safe and suitable condition, and whenever any such item is found to be unsafe or unsuitable for the purpose for which it is, used, the person using, possessing or maintaining same shall be notified and required to place same in a safe and suitable condition.

Section 12. If any section, paragraph, subdivision, clause, phrase or provision of this Ordinance shall be adjudged invalid or held unconstitutional, the same shall not affect the validity of this ordinance as a whole or any part or provisions thereof other than the part so decided to be invalid or unconstitutional.

Section 13. That the fact that telegraph, telephone, electric, and gas companies have been occupying and using the streets, easements, alleys and other public ways of the City of West University Place, Texas, for many years without the payment of rent for such use creates an emergency, and this ordinance shall take effect immediately upon its passage, approval and publication as required by law.

Passed and approved this January day of 4 A. D. 1938.

/s/ Harvey T. Fleming,
Mayor.

Attest:
/s/ C. G. Jarrard
City Secretary.

---

## Exhibit B

### Franchise Ordinance

An ordinance granting to Houston Lighting & Power Company, its successors and assigns, the right, privilege and franchise to erect, construct, maintain, operate, use, extend, remove, replace and repair, in, under, upon, over, across and along any and all of the present and future streets, squares, parks, lanes and alleys of the City of West University Place, and over and across any stream or streams, bridge or bridges, now or hereafter owned or controlled by it, a system of poles, pole lines, transmission lines, wires, guys, conduits and other desirable instrumentalities and appurtenances (including telegraph and telephone poles and wires for grantee's own use) necessary or proper for the supply and distribution of electricity for light, power and heat, and for any other purpose for

which electricity may be used, to the municipality and inhabitants of said City of West University Place, or any other person or persons.

Be it ordained by the City Commission of the City of West University Place, Texas:

Section 1. The word "Grantee" herein shall denote Houston Lighting & Power Company of Houston, Texas, its successors and assigns; and the word "Grantor" shall denote the City of West University Place, Texas.

Section 2. That the City of West University Place does hereby grant unto the said Grantee, its successors and assigns, the right, privilege, and franchise to erect, construct, maintain, operate, use, extend, remove, replace and repair, in, under, upon, over and across and along any and all of the present and future streets, squares, parks, lanes, and alleys owned or controlled by the City of West University Place, and over and across any stream or streams, bridge or bridges, now or hereafter owned or controlled by it, a system of poles, pole lines, transmission lines, wires, guys, conduits, and other desirable instrumentalities and appurtenances (including telegraph and telephone poles and wires for use of Grantee) necessary or proper for the purpose of carrying, conducting, supplying, distributing and selling to the municipality and inhabitants of the City of West University Place, or other person or persons, firms or corporations, whether within or without the City of West University Place, electricity for light, power and heat, and for any other purpose for which electricity may be used; to carry, conduct, supply and distribute electricity by means of said poles, pole lines, transmission lines, conduits, or other instrumentalities, and to sell same to the inhabitants of said City of West University Place, or any other person or persons, firms or corporations.

Section 3. Poles, towers and lines shall be so erected as to interfere as little as possible with traffic over streets and alleys.

Section 4. The rates to be charged by Grantee for residential and commercial consumers in West University Place shall be the rates of Grantee in effect from time to time in the City of Houston, Texas, for like service; and the rules and regulations in effect in the said City of Houston governing extensions by Grantee of lines and services shall likewise be applicable to such extensions in the City of West University Place.

The service furnished hereunder to said City and its inhabitants shall be first class in all respects, considering all circumstances, and shall be subject to such reasonable rules and regulations as Grantee may make from time to time. Grantee may require reasonable security for the payment of its bills.

Section 5. Grantee shall hold the City harmless from all expense or liability for any act or neglect of Grantee hereunder.

Section 6. Nothing herein contained shall ever be held or construed as conferring upon the Grantee any exclusive rights or privileges of any nature whatsoever.

Section 7. The provisions of this franchise are severable and if any section, provision or part thereof be declared invalid then it is hereby declared the intent of the parties that the remaining parts of this franchise would be passed notwithstanding such invalid part or parts, and the invalidity of any particular section, provision or part shall not invalidate this franchise.

Section 8. This franchise shall be in force and effect from and after its passage and, upon the filing of a written acceptance with the City Secretary by Grantee within sixty (60) days after the final passage of this ordinance, same shall then become a binding contract and shall exist for a period of fifty (50) years.

Passed and duly enacted as an ordinance of the City of West University Place, Texas, in accordance with the laws of the State of Texas, and the charter of said City of West University Place, on this the 29th day of May, A.D.1930.

s/ H. B. Schlesinger,
Mayor,

s/ J. A. Walling,
Commissioner,

s/ P. R. Plumb,
Commissioner,

. . . . . . . . . . . . .
Commissioner.

s/ Erwin Cushman,
City Secretary.

(Seal)

(City of West University Place, Texas)