

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

WAGGONER CARR
ATTORNEY GENERAL

February 7, 1963

Honorable Terry Townsend
Chairman, Highways and Roads Committee
House of Representatives
Austin, Texas

Opinion No. C-11

Re: Constitutionality of H.B. 50,
with regard to the delegation
to the State Highway Commis-
sion of authority to set speed
limits on the State Highway
System, lower than a maximum
speed of 70 miles per hour.

Dear Mr. Townsend:

You have requested the opinion of this office as to
the constitutionality of certain provisions of House Bill
50, 58th Legislature. This proposed Act would raise the
maximum permissible speed on any highway in this State to
70 miles per hour, while other provisions would require
the Texas Highway Commission to set lower limits wherever
highway conditions are such as to make the maximum speed
unsafe. The problem posed is whether the authority grant-
ed to the State Highway Commission is so broad as to vio-
late the general rule that the Legislature may not delegate
its legislative powers.

For convenience, the pertinent portions of the pro-
posed Act are quoted:

"Sec. 167. Authority of the State High-
way Commission to Alter Maximum Prima Facie
Speed Limits.

"(a) Whenever the State Highway Commis-
sion shall determine upon the basis of an
engineering and traffic investigation that
any maximum prima facie speed hereinbefore
set forth is greater or less than is reason-
able or safe under the conditions found to
exist at any intersection or other place or
upon any part of a highway, taking into con-
sideration the width and condition of the

-43-

pavement and other circumstances on such portion of said highway as well as the usual traffic thereon, the Legislature hereby directs the State Highway Commission to determine and declare a reasonable and safe maximum prima facie speed limit thereat or thereon, by proper order of the Commission entered on its minutes, . . . which limit, when appropriate signs giving notice thereof are erected, shall be effective at such intersections or other place or part of the highway at all times or during hours of daylight or darkness, or at such other times as may be determined; provided, however, that said State Highway Commission shall not have the authority to modify or alter the basic rule established in paragraph (a) of Section 166 nor to establish a speed limit higher than seventy (70) miles per hour.

"(b) The State Highway Commission shall, in conducting the engineering and traffic investigation specified in paragraph (a) of Section 167, follow its 'Procedure for Establishing Speed Zones' which is in use on the effective date of this act and as same may be subsequently revised for reasons of technological advancements in traffic operation, design and construction of highways and motor vehicles, as well as the safety of the motoring public."

An examination of the Constitution of Texas reveals no provision that would specifically prohibit the delegation of authority contained in the proposed Act. Where there is no express prohibition, the Legislature has authority to act. Houston Lighting and Power Co. v. Fleming, 128 S.W.2d 487 (Tex.Civ.App. 1939, rev. on other grounds, 135 Tex. 463, 138 S.W.2d 520).

The general rule is that the Legislature may not delegate its legislative powers. It is also a general rule that if the Legislature has prescribed sufficient standards to guide the discretion conferred, the power is not legislative and the delagation is lawful. Gillaspie v. Department of Public Safety, 152 Tex. 459, 259 S.W.2d 177; cert. den. 347 U.S. 933; Moody v. University Park, 278 S.W.2d 912 (Tex.Civ. App. 1955, n.r.e.). In the quoted portions of the proposed

Act, the Legislature has given clear and explicit instructions to the State Highway Commission as to the criteria to be applied in determining a reasonable and safe maximum prima facie speed limit. In Subsection (b) of Section 167, the Commission is even directed to use a specific technique, already established and in use, as a means of arriving at the said reasonable and safe maximum speed.

Further light was cast upon the problem of delegation of legislative power in Nichols v. City of Dallas, 347 S.W.2d 326 (Tex.Civ.App. 1961, n.r.e.), when, at page 333, Chief Justice Dixon stated:

"The fact that under a delegation of authority to an administrative officer there is an area for the exercise of his discretion does not render the delegation of authority unlawful if the standards formulated for his guidance and the limits of his discretion, though general, are capable of reasonable application."

In view of the foregoing, it is the opinion of this office that the delegation of authority to the State Highway Commission, contained in House Bill 50, is sufficiently limited and contains sufficiently explicit instructions, so as not to constitute an unlawful delegation of legislative power.

## SUMMARY

The authority granted in House Bill 50, 58th Legislature, authorizing the State Highway Commission to set speed limits lower than 70 miles per hour wherever highway conditions are such as to make that speed unsafe, is sufficienty limited and contains sufficiently explicit instructions, and does not constitute an unlawful delegation of the legislative power, and is therefore constitutional.

Yours very truly,

WAGGONER CARR
Attorney General

By

Malcolm L. Quick
Assistant

MLQ:wb:ms

Hon. Terry Townsend, page 4 (C-11)

APPROVED:

OPINION COMMITTEE
W. V. Geppert, Chairman

Marietta Payne
Frank Booth
Arthur Sandlin

APPROVED FOR THE ATTORNEY GENERAL
By:  Stanton Stone